

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 21, 1968

Maj. Gen. Thomas S. Bishop          Opinion No. M-204
Adjutant General of Texas
Camp Mabry                          Re:  Eligibility requirements
Austin, Texas                            for membership on the
                                         Texas National Guard
Dear Mr. Bishop:                         Armory Board.

Your request for an opinion reads as follows:

"Article 5931-1 T.R.C.S., Acts of the 60th
Legislature, Regular Session, creates the Texas
National Guard Armory Board. The Act specifies
that the Board will be composed of the Command-
ing General of the 36th Infantry Division, Texas
National Guard, the Commanding General of the
49th Armored Division, Texas National Guard
and the Chief of Staff for Air, Texas Air
National Guard.

"Reorganization authority Number 66-67,
National Guard Bureau, dated 4 December 1967
reorganizes the Texas Army National Guard in
part on 15 December 1967 and the remainder on
15 January 1968. The provisions of the above
referenced reorganization authority deletes
the 36th Infantry Division from the Troop
allotment to the State of Texas and reorga-
nizes the Headquarters and Headquarters Com-
pany, 36th Infantry Division and other 36th
Infantry Division units into the Headquarters
and Headquarters Company (-) 71st Infantry
Brigade (Airborne) effective 15 January 1968;
deletes the 49th Armored Division from the
Troop Allotment to the State of Texas and
reorganizes the Headquarters and Headquarters
Company, 49th Armored Division into the
Headquarters and Headquarters Company (-),
72nd Infantry Brigade (Mechanized), effec-
tive 15 January 1968. After 15 January,
1968, the 36th Infantry Division and 49th
Armored Division will no longer exist but
their successors in function, i.e., the

-979-

71st Infantry Brigade (Airborne) and the 72nd Infantry Brigade (Mechanized) will exist and supersede the 36th Infantry Division and 49th Armored Division respectively, as their successors in function.

".  .  .

"Due to the above factual situation the following questions are submitted to you for your legal opinion:

"1.  By virtue of the reorganization of the Texas National Guard and the resulting elimination of the 36th Infantry Division and the 49th Armored Division, who should be certified by the Adjutant General to the Secretary of State for membership on the Texas National Guard Armory Board?

"2.  Is an Officer of the National Guard, otherwise qualified, whose civilian occupation is District Attorney of Travis County, Texas, eligible to serve as a member of the Texas National Guard Armory Board?

"3.  Should any officer fail to qualify as a member of the Texas National Guard Armory Board under the provisions of the State Constitution or the State statutes, then in that event, who should be certified by the Adjutant General to the Secretary of State for membership on said Board?

".  .  ."

Article 5931-1, Vernon's Civil Statutes, provides in part:

"There is hereby created the Texas National Guard Armory Board to be composed of the Commanding General of the 36th Infantry Division, Texas National Guard, the Commanding General of the 49th Armored Division, Texas National Guard, and the Chief of Staff for Air, Texas Air National Guard.  The board shall be composed of three members and the term of office for members of the Texas National Guard Armory Board shall be of six years' duration except that in the event of

a vacancy, the person qualifying for the position shall complete the unexpired term of his predecessor. . . .

". . .

". . .

"It is further provided that none of the members of this board shall at the same time hold any other office or position of honor, trust, or profit under the state or federal government, except as a member of the Texas National Guard or as a member of the Texas State Guard operating as successor in military function.

"Should any officer fail to qualify as a member of the board under the provisions of the State Constitution or the provisions of this Act, the next senior officer in military rank of the respective military units to qualify shall be certified by the Adjutant General of Texas to the secretary of state as provided in this Act."

Under the facts stated in your request, the 71st Infantry Brigade (Airborne) is the successor to the 36th Infantry Division, Texas National Guard, and the 72nd Infantry Brigade (Mechanized) is the successor to the 49th Armored Division, Texas National Guard.

It is our opinion that the Texas National Guard Armory Board, created pursuant to the provisions of Article 5931-1, was intended to be composed of the senior officers who command the highest ranking military units. Therefore, it is our opinion the phrase "36th Infantry Division, Texas National Guard," now refers to the 71st Infantry Brigade (Airborne), since the 71st Infantry Brigade (Airborne) is the successor to the 36th Infantry Division. Likewise, the phrase "49th Armored Division, Texas National Guard," now refers to the 72nd Infantry Brigade (Mechanized), since it is the successor to the 49th Armored Division. You are therefore advised in answer to your first question, that you should certify for membership in the Texas National Guard Armory Board the senior officers of the 71st Infantry Brigade (Airborne) and the 72nd Infantry Brigade (Mechanized), provided such officers

are qualified under the provisions of Article 5931-1.

Article 5931-1 specifically provides, in part:

". . . that none of the members of this board
shall at the same time hold any other <u>office
or position of honor, trust, or profit under
the state</u> or federal government, except as a
member of the Texas National Guard or as a
member of the Texas State Guard operating as
successor in military function."   (Emphasis
added.)

The office of District Attorney of Travis County is such an
office.   Tex.Const. Art. V, Sec. 21, Articles 322 and 322A,
V.C.S.

In view of the prohibition contained in Article
5931-1, you are advised that in answer to your second
question, the District Attorney of Travis County is not
eligible to serve as a member of the Texas National Guard
Armory Board.

In answer to your third question, you are advised
that since the Commanding General of the 71st Infantry
Brigade (Airborne) is the District Attorney of Travis County,
and therefore not eligible to serve as a member of the Texas
National Guard Armory Board, you should certify the next
senior officer in the military rank of the 71st Infantry
Brigade (Airborne) for membership.

S U M M A R Y

Under the present reorganization of
military units in Texas, the Texas National
Guard Armory Board is to be composed of the
Commanding Generals of the 71st Infantry
Brigade (Airborne) and the 72nd Infantry
Brigade (Mechanized), successors to the 36th
Infantry Division and 49th Armored Division
and the Chief of Staff for Air, Texas Air
National Guard.   Since the Commanding Gen-
eral of the 71st Infantry Brigade (Airborne)
is ineligible to serve as a member of the
Texas National Guard Armory Board by reason

of holding the office of District Attorney of Travis County, Texas, the next senior officer in military rank of the 71st Infantry Brigade (Airborne) should be certified by the Adjutant General for membership on the Texas National Guard Armory Board, pursuant to the provisions of Article 5931-1, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
John Banks
Larry Craddock
Pat Cain

A. J. CARUBBI, JR.
EXECUTIVE ASSISTANT